IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DANNY E. DELONEY, | ) | |
| Plaintiff, | ) | |
| v. | ) | CV 114-089 |
| T.J. CONELY, Deputy Warden, ASMP, | ) | |
| Defendant. | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 10.) The Magistrate Judge recommended dismissal because (1) Plaintiff did not comply with the administrative deadlines and procedural rules required to properly exhaust his claims, (2) his placement in administrative segregation did not amount to an infringement of a protected interest giving rise to a due process claim, and (3) Plaintiff had no right to be placed in any particular facility to sustain a claim based on his transfer to a special management unit ("SMU"). (Doc. no. 8, p. 6-8.)

In his objections, Plaintiff argues that he did exhaust his claims by filing grievances, and states in conclusory fashion that he has stated a claim for relief. (Doc. no. 10.) However, the Magistrate Judge acknowledged Plaintiff's attempts to grieve his claims, but explained that they did not constitute proper exhaustion to satisfy the requirement. (Doc. no. 8, p. 6.) Plaintiff likewise provides no additional information in

his objections to remedy his failure to state a claim. As such, Plaintiff's objections do not provide any reason to deviate from the Magistrate Judge's conclusions.

Along with his objections, Plaintiff also filed a motion to amend his complaint to add the following: "1. The SMU Privileg: [sic] first 90 to 60 days no yard call at all. 2. Were you can see why I can't prove how the grievance procedural are now [sic]." (Doc. no. 11.) Plaintiff attached to his objections a chart of the privileges afforded prisoners in the SMU, as well as a printout of prison regulations related to library requests. (Doc. no. 10, pp. 3-4.)

As a general rule, leave to amend under Fed. R. Civ. P. 15(a) is given freely. Saewitz v. Lexington Ins. Co., 133 F. App'x 695, 699 (11th Cir. 2005) (*per curiam*); Foman v. Davis, 371 U.S. 178, 182 (1962). That said, leave to amend is not guaranteed, and a trial court may deny such leave "in the exercise of its inherent power to manage the conduct of litigation before it." Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008). "In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." Saewitz, 133 F. App'x at 699 (quoting Foman, 371 U.S. at 182).

An amendment is futile when the pleading that it seeks to amend would still be subject to dismissal if the amendment were permitted; similarly, a motion to amend that seeks to add claims is properly denied as futile when the claims are without merit or cannot form the basis for cognizable relief. See Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010) (*per curiam*) ("A proposed amendment may be denied for

2

futility 'when the complaint as amended would still be properly dismissed.'") (quoting Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (*per curiam*)).

Here, the information Plaintiff seeks to add would not change the result. The information regarding privileges in the SMU does not demonstrate any atypical or significant hardship implicating due process concerns. See Sandin v. Connor, 515 U.S. 472, 484 (1995). Indeed, the chart provided by Plaintiff only indicates the typicality of the restrictions of which Plaintiff complains. Thus, even if the information Plaintiff seeks to add regarding grievance procedures could overcome his failure to properly exhaust, the complaint would still fail to state a claim for relief. Because the complaint as amended would still be subject to dismissal, it is futile, Coventry, 605 F.3d at 870, and the Court therefore **DENIES** Plaintiff's request to amend. (Doc. no. 11.)

Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DISMISSES** the complaint, and **CLOSES** this civil action.

SO ORDERED this 8th day of July, 2014, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA